**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD EARL THOMAS,       )
                          )
       Petitioner,      )
                          )
       v.            )        Civil Action No. 04-343E
                          )        JUDGE SEAN McLAUGHLIN
COMMONWEALTH OF PA.,     )        MAGISTRATE JUDGE BAXTER
                          )
       Respondent.    )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION**

      It is recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**II.**      **REPORT**

      This is a petition for writ of habeas corpus filed by a state prisoner serving a sentence of 61 to 140 months imprisonment for sexual assault and unlawful restraint.  Sentence was imposed by the Court of Common Pleas of Erie County, Pennsylvania, on October 30, 2003, following petitioner Edward Earl Thomas's plea of no contest.  The Commonwealth, in return for the plea, dismissed a rape charge.

      Thomas did not seek to withdraw his guilty plea, but instead filed a Motion to Reduce/Modify Sentence on November 5, 2003, which the trial court denied (State Court Record, Department of Corrections. No. 11).  On direct appeal, Thomas challenged the trial court's exercise of its discretion in sentencing him within the applicable state guideline range (State Court Record Department of Corrections. No. 18).  The Superior Court affirmed on August 6, 2004, and permitted appellate counsel to withdraw from representation (id.).  Thomas did not seek review in the Supreme Court of Pennsylvania.

Thomas next filed a motion in state court seeking records and transcripts. This motion was denied on November 12, 2004, on the basis that all such records and transcripts had already been provided to Thomas through counsel (State Court Record, Department of Corrections. No. 19).

No further proceedings appear in the state court record.

Thomas filed the instant petition for writ of habeas corpus on November 30, 2004. He raises the following claims:

> Ground 1 - Judicial immunity because there was not any evidence for an unelected Judge, Jay Shimek to bound [sic] issue over to trial from preliminary hearing. Dismiss case because of ground found in #2 and that the woman did not want to go to trial. Like the Kobe Bryant case for example. I alledge [sic] that she was not going to show up for preliminary hearing, but her prosecuting attorney called her there after she was late for it. He may have done the same for trial probably.

> Ground 2 - Coercion because her prosecuting attorney made false DNA paperwork (analysis) to try and persuade jury that I'm guilty. The hospital, St. Vincent Health Center destroyed the bloodwork and the paperwork was from a different place. (DNA analysis).

> Ground 3 - Because of judicial immunity I request the court to please grant me a sum of 1 billion dollars respectfully. I have been an unfortunate individual. I am an intelligent honor student that would like to attend college and be doctor. Also I would be a minister that I know I am and open a church if the blessings affirmed.

> Ground 4 - An evidence hearing and dismissal of case because of issues presented for freedom.

(Department of Corrections. No. 1, ¶13). Petitioner also asserts that these issues were not presented to the state courts because his attorney did not present them on appeal (Id.). The Commonwealth has responded (Docket #3). The petition is now ripe for disposition.

**1.    Exhaustion.**

Thomas's failure to include any of his claims in his direct appeal, or to timely file a petition pursuant to the Post Conviction Relief Act, supports a finding that he has failed to exhaust available state court remedies with respect to all of his claims. See Bond v. Fulcomer, 864 F.2d 306 (3d Cir. 1989)(Exhaustion requires that claims presented in the federal court first have been presented in substantially the same form to the state's highest court, with identity of both facts and legal theory.). However, it is clear that Thomas no longer has any means to raise his claims in the state courts, since

his direct appeal concluded more than a year ago, and any attempt to file a PCRA petition at this point would be futile. 42 Pa.C.S.A. §9545(b)(1) (PCRA petition must be filed within one year of the time conviction becomes final). Exhaustion may, therefore, be excused. "If a claim has not been fairly presented to the state courts but state law clearly forecloses review, <u>see</u> <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir.1998), 28 U.S.C. § 2254(b)(1)(B) (1988) (amended 1996), exhaustion is excused, <u>see</u>, <u>e.g.</u>, <u>Lambert</u> [<u>v. Blackwell</u>], 134 F.3d [506] at 513, 517-19 [1998]; <u>Doctor v. Walters</u>, 96 F.3d 675, 681 (3d Cir.1996), but the doctrine of procedural default may come into play." <u>Carpenter v. Vaughn</u>, 296 F.3d 138, 146 (3d Cir. 2002). Although exhaustion is excused, Thomas's failure to properly present his claims in the state courts will again be considered in the context of procedural default.

     **2.**       **Procedural default.**

     Like the exhaustion requirement, the procedural default doctrine is based upon notions of comity and federalism. The procedural default barrier rests upon the "independent and adequate state grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). A state's procedural rules are entitled to deference by federal courts, and violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of habeas claims. <u>Coleman</u>, 501 U.S. at 750. Violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims. <u>Glass v. Vaughn</u>, 65 F.3d 13, 15 (3d Cir. 1995). Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits by the state courts due to procedural default unless such petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will

3

result in a fundamental miscarriage of justice. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Coleman</u>, 501 U.S. at 750.

Here, none of the four claims now raised by Thomas was ever presented to the state courts. His direct appeal was limited to a challenge to the discretionary aspects of sentencing. Thomas's failure to present his claims either on direct appeal or in a PCRA petition are each state court procedural defaults barring review. <u>See</u> <u>Commonwealth v. Bond</u>, 819 A.2d 33, 39 (Pa. 2002)("Even if this Court were to assume that these two claims of trial error were not previously litigated, they would be waived under the PCRA since appellant's present theories could have been presented on direct appeal."); 42 Pa.C.S. §9544(b)(issue is waived if petitioner failed to raise it and the issue could have been raised before trial, at trial, on appeal, in habeas corpus proceeding, or in prior proceeding under PCRA). These waivers are independent and adequate state grounds for denying Thomas relief, and he must establish cause for the default and prejudice before he will be entitled to review of those claims in this federal court.

To satisfy the cause standard, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to raise the claim in state court. <u>McCleskey v. Zant</u>, 499 U.S. 467, 493 (1991); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). With respect to his failure to present his claims on direct appeal, Thomas asserts only that counsel failed to raise his claims. While counsel's ineffectiveness may act as cause for a procedural default, there is no indication in the state court record, and Thomas does not allege, that he asked counsel to raise these claims. Further, nothing prevented Thomas from himself seeking to raise his claims in a pro se petition under the PCRA, and his failure to pursue PCRA relief is, itself, an adequate basis for denying relief. Because Thomas cannot establish cause for his procedural default, the Court need not consider the question of actual prejudice. <u>See</u> <u>Murray</u>, 477 U.S. at 533 (court need not consider prejudice if no cause is shown).

Although petitioner cannot demonstrate the necessary "cause and prejudice," this court may still review his claims if he can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." <u>McCleskey</u>, 499 U.S. at 495. This court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." <u>Murray</u>, 477 U.S. at 496. <u>See also</u>

Coleman, 501 U.S. at 748; McCleskey, 499 U.S. at 502.  Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  Schlup v. Delo, 513 U.S. 298, 327 (1995); Glass, 65 F.3d at 15.  This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case. Schlup, 513 U.S. at 320.  To succeed on an actual innocence claim, a petitioner must invoke "reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998), and "show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence presented in his habeas petition." Schlup, 513 U.S. at 327.

Here, Thomas cannot meet the Schlup standard.  Although Thomas arguably makes a claim of innocence through his claim of manufactured evidence, it must be remembered that he tendered a no contest plea in return for the Commonwealth dismissing the most serious charge against him.  Absent withdrawal of this plea, the matters raised by Thomas concerning his preliminary hearing and the evidence against him have been waived. See, e.g., United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998)(plea of guilty entered by one fully aware of the direct consequences must stand unless induced by threats, misrepresentation, or improper promises); Mabry v. Johnson,(1978) 467 U.S. 504, 509 (1984).  Thomas does not assert that his plea was involuntary or unknowing.  A review of the record reveals a complete plea colloquy with Thomas evincing a knowing waiver of his right to trial. Thus, Thomas has clearly not presented "new evidence" of actual innocence since he has failed to even challenge the validity of his plea.  There is no basis for employing the manifest injustice exception set forth in Schlup.

Therefore, this Court will not examine the merits of Petitioner's claims.

### 3.    Certificate of Appealability.

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the

denial of a constitutional right."   Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." <u>Szuchon v. Lehman,</u> 273 F.3d 299, 312 (3d Cir. 2001) <u>quoting</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." <u>McCracken v. Gibson</u>, 268 F.3d 970, 984 (10th Cir. 2001).

Because Thomas has not made such a showing, a certificate of appealability should be denied.

III.    **<u>CONCLUSION</u>**

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  April 13, 2006